# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RUSHLYN G. WILLIAMS,**

        **Plaintiff,**

**-vs-**                                                           **Case No. 6:05-cv-1766-Orl-19DAB**

**McCORMICK CONDUIT BUCKLEY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **November 28, 2005**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Upon submitting an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To

determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976).

Here, Plaintiff, appearing *pro se,* has pled that his employer has withheld "last wages" following an on the job accident in 1981 (Doc. No. 1). Also, "monies were sent to child support in error." Attached to the Complaint are documents from what appears to be the worker's compensation suit, noting that a settlement agreement was reached. Plaintiff also attaches a letter from counsel he apparently retained, dated August 26, 2005, with reference to "your worker's compensation claim." It therefore appears that Plaintiff's cause of action arises out of dissatisfaction with his worker's compensation award; a cause of action that is not within the limited jurisdiction of federal court.

Moreover, Plaintiff asserts in the Complaint that he receives $900.00 in "disability" monthly. In his Application for pauper status, Plaintiff notes that he has $5,000.00 in a checking or savings account, as well as other, albeit limited, assets. Thus, even if the cause of action was cognizable, it is doubtful that Plaintiff qualifies for pauper status, in view of his regular income and assets.

It is therefore **respectfully recommended** that the application for pauper status be **denied,** and Plaintiff be required to pay the filing fee, should he wish to proceed with this litigation. As Plaintiff appears to have counsel in the worker's compensation claim, he is strongly advised to consult counsel prior to proceeding further here, as the Complaint, as pled, is subject to dismissal for lack of subject matter jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 28, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy